Rivera de Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
*1093 Ante este Tribunal recurre la peticionaria mediante certiorari para que revisemos una resolución emitida por el Hon. Ramón Negrón Soto, Juez del Tribunal de Circuito de Apelaciones, quien actuaba en ese momento como juez de instancia, desestimando un escrito de apelación por incumplimiento de las reglas de apelación del Tribunal de Distrito al Tribunal Superior. La situación muy particular de este caso impone un detallado relato de todos los incidentes procesales habidos en el mismo.
I
El 23 de junio de 1994, se celebró juicio en el Tribunal de Distrito, hoy Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina, contra la Sra. Leyla Barreiro Santos, aquí peticionaria, por violación a las secciones 3-301 y 5-201 de la Ley Núm. 141, aprobada el 20 de julio de 1960, 9 L.P.R.A. sees. 301 y siguientes, conocida comúnmente como Ley de Tránsito. Fue declarada culpable y el Tribunal le impuso la pena de treinta y cinco ($35.00) y doscientos ($200.00) dólares de multa, respectivamente. 
Amparándose en lo dispuesto por la Regla 216(b) de las de Procedimiento Criminal, la convicta peticionaria presentó una moción de reconsideración al tribunal, solicitando que en el caso por infringir la sección 5-201 de la Ley de Tránsito, se le impusiera una pena mínima de cien ($100.00) dólares de multa, por ser ama de casa, sin recursos económicos. El 8 de agosto de 1994, el tribunal de instancia declaró no ha lugar a dicha moción de reconsideración, mediante Resolución emitida por el Hon. Carlos M. Delgado Villegas, juez del entonces Tribunal de Distrito.
El 10 de agosto de 1994, la peticionaria radicó un escrito de apelación ante el Tribunal Superior de Carolina, hoy Tribunal de Primera Instancia, Sala Superior de Carolina.
El 18 de agosto de 1994, el referido Juez Carlos M. Delgado Villegas emitió otra resolución que fue notificada el 22 de agosto de 1994, en los siguientes términos:

"(1) No existe, tal cosa, como regla que provea para Moción de Reconsideración en Procedimien-to Criminal.

(2) Sentencia es de 23 de junio de 1994. Escrito de Apelación radicada [sic] en agosto de 1994. Resulta tardía." (Enfasis nuestro.)
Ante dicha resolución, la peticionaria procedió el 22 de septiembre de 1994 a presentar un recurso de certiorari para revisar la misma.
Mientras tanto, y evidentemente ajeno el tribunal a algunas de las otras incidencias en el caso, el 18 de enero de 1995, el Juez Ramón Negrón Soto, del hoy Tribunal de Circuito de Apelaciones, quien como expresamos anteriormente actuaba como juez de instancia, emitió una sentencia desestimando la apelación. Determinó, que la peticionaria no realizó ninguna gestión apelativa, por lo que debido a su inacción en el caso por más de cinco (5) meses, procedía la desestimación de dicho recurso. Dicha sentencia fue notificada el 30 de enero de 1995. 
Ese mismo día en que fue notificada la sentencia del Hon. Ramón Negrón Soto, en el entonces Tribunal Superior de Carolina, el Hon. Luis A. Saavedra Serrano celebró una vista para la discusión de la petición de certiorari. A la misma compareció el Ministerio Público y el abogado de la peticionaria. Luego de escuchar los argumentos de ambas partes el juez Saavedra Serrano resolvió textualmente lo siguiente:

"...CON LUGAR el RECURSO DE CERTIORARI, Se acepta la apelación y ordena que se continúen los procedimientos en Tribunal de Distrito."

Esta resolución fue notificada el 8 de febrero de 1995. El 15 de febrero del mismo año, el Juez Carlos M. Delgado Villegas emitió una resolución dándose por "enterado" de la del juez Saavedra, y el 28 del mismo mes y año ordenó la ejecución de la sentencia del 23 de junio de 1994. 
El 28 de marzo de 1995 el juez Negron Soto emitió una resolución en los siguientes términos: 

*1094
"A la Moción Informativa y Solicitud para que se Deje sin Efecto Sentencia presentada el 10 de marzo de 1995 por la apelante, se declara No Ha Lugar."

Dicha resolución fue notificada el 21 de abril de 1995. No consta en los autos la moción a la cual alude el honorable Negrón Soto en su resolución, por lo que desconocemos qué fue lo que informo la peticionaria, y cuales fueron sus argumentos.
La peticionaria procedió entonces a radicar el presente recurso, solicitando la revisión de la referida resolución del juez Negrón Soto, señalando como error, que el tribunal actuó incorrectamente al no dejar sin efecto la sentencia dictada el 28 de febrero de 1994 y desestimar la apelación presentada por esta parte, por lo que se violaron sus derechos de apelar, así como el debido proceso de ley.
II
El día 12 de junio del año en curso emitimos una resolución concediéndole veinte (20) días al Procurador General de Puerto Rico para que mostrase causa por lo cual no debíamos revocar la resolución recurrida. Éste compareció mediante escrito en cumplimiento de nuestra orden y se allanó a la solicitud de la peticionaria.
Estimó el Procurador General, que el Hon. Ramón Negrón Soto no tenía conocimiento de la petición de certiorari recurriendo de la resolución que declaraba tardía la apelación, por lo que su determinación estuvo fundada en un expediente incompleto, tal vez por algún error oficinesco. Por ello coincide con la peticionaria en su solicitud ante este Tribunal, tomando en consideración el azaroso proceso que ha pasado este recurso apelativo.
III
Tiene razón la peticionaria y así también el Procurador General al coincidir con dicha parte. Ante los diversos, confusos y erróneos incidentes y determinaciones judiciales en el presente caso, no hay duda de que se cometió el error señalado.
La sentencia original contra Leyla Barreiro Santos fue dictada el 23 de junio de 1994. Se presentó moción de reconsideración de dicha sentencia el día 5 de julio de 1994, la cual fue declarada sin lugar el 3 de agosto de 1994, aunque notificada el 8 de agosto del mismo año. La peticionaria apeló de esa determinación del tribunal el 10 de agosto de 1994, dos (2) días después de que fuera notificada la resolución del tribunal negándose a reconsiderar.
Sobre esto, la Regla Núm. 216(b) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II. R. 216, preceptúa lo siguiente:

"(b) Procedimiento para formalizar la apelación. La apelación se formalizará presentando un escrito de apelación o una solicitud de juicio de novo en la secretaría de la sala del Tribunal de Distrito en que se celebró el juicio, previa notificación del mismo al Ministerio Público o al fiscal privado, si lo hubiere, dentro del término de diez (10) días, contados a partir de la fecha en que la sentencia condenatoria fuere dictada. Si se solicitare la reconsideración de la sentencia, el término para radicar el escrito de apelación quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal negando la reconsideración. Cuando el acusado-apelante se encontrare recluido en una institución penal y apelare por su propio derecho, el recurso de apelación se formalizará de acuerdo con lo prescrito en la Regla 195."

Como puede colegirse, ante la solicitud de reconsideración de la sentencia, el término quedaba interrumpido, por lo que habiéndose presentado el escrito de apelación dos (2) días después del dictamen del tribunal en cuanto a la reconsideración que tenía ante sí, la resolución emitida el 18 de agosto disponiendo que la apelación era tardía, no se sostiene en derecho.
El 22 de septiembre de 1994, la peticionaria recurrió entonces mediante certiorari ante el Tribunal Superior, el cual ordenó que continúasen los procedimientos apelativos en el Tribunal de Distrito. No obstante, ese Tribunal, aunque dispuso mediante resolución que estaba enterado de la resolución del Tribunal Superior, emitió órdenes para que se ejecutase la sentencia del 23 de junio de 1994, en *1095 contravención a lo dispuesto por la Regla Núm. 216(c) de las de Procedimiento Criminal, supra. Esta Regla es clara al disponer que una apelación ante el Tribunal Superior, de una sentencia condenatoria, suspenderá la ejecución de la misma.
Así las cosas, se presenta la anomalía de que el 18 de enero de 1995, un juez, mediante sentencia, desestimó la apelación y el 30 del mismo mes y año, otro juez, emitió resolución acogiéndola, y ordenó que continuaran los procedimientos en el Tribunal de Distrito.
IV
No hay duda de que este caso ha pasado un proceso impregnado de errores y confusiones que ameritan la expedición del auto solicitado y la revocación tanto de la sentencia desestimando la apelación, como de las órdenes de ejecución de la sentencia original y la Resolución recurrida. De este modo el caso volverá al inicio y podrá continuarse el trámite apelativo. La ejecución de la sentencia del 23 de junio de 1994, en cada uno de los casos, quedará pendiente hasta que se resuelva el recurso apelativo.
El Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina, deberá continuar los procedimientos en el caso en forma consistente con la presente Sentencia y con la Resolución de 30 de enero de 1995 del Tribunal de Primera Instancia, Sala Superior de Carolina, en el caso FMI94-0455 (207).
Concluidos esos trámites, la apelación deberá ser elevada a este Tribunal de Circuito de Apelaciones de conformidad con lo dispuesto en el artículo 9.004(b) de la Ley de la Judicatura de Puerto Rico de 1994.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 280
1. Véanse págs. 23 y 23.1 del Apéndice unido a la Petición de Certiorari.
2. Véase la pág. 14 del Apéndice.
3. Véase la pág. 16 del Apéndice.
4. Véase la pág. 17 del Apéndice.
5. Véanse las págs. 13 y 22 del Apéndice.
6. Véase la pág. 5 del Apéndice.
7. Véase la página identificada como Apéndice A. La Sociedad Para Asistencia Legal alega no haber tenido conocimiento de esta sentencia hasta el día 2 de marzo de 1995.
8. Véase la pág. 20 del Apéndice.
9. Véase la pág. 21 del Apéndice.
10. Véase la pág. 23.
11. Véase la pág. 24 del Apéndice.